IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KOREAN COMMUNITY
PRESBYTERIAN CHURCH,

    Plaintiff,

      v.

                    CIVIL ACTION FILE
                    NO. 1:14-CV-3690-TWT

MARYLAND CASUALTY
COMPANY,

    Defendant.

**OPINION AND ORDER**

This is an insurance coverage dispute. It is before the Court on the Defendant's

Motion for Summary Judgment [Doc. 29], the Plaintiff's Motion for Partial Summary

Judgment [Doc. 31], the Plaintiff's Motion to Strike or Disregard Portions of Justin

Girard's Errata [Doc. 35], and the Plaintiff's Motion to Strike Exhibit 1 to the

Defendant's Response to the Plaintiff's Statement of Material Facts [Doc. 42]. For the

reasons stated below, the Defendant's Motion for Summary Judgment is GRANTED

in part and DENIED in part. The Plaintiff's Motion for Partial Summary Judgment is

GRANTED. The Plaintiff's Motions to Strike are both DENIED as moot.

# I. Background

The Defendant, Maryland Casualty Company, issued the Plaintiff, Korean Community Presbyterian Church, a commercial property insurance policy covering the property located at 2534 Duluth Highway, Duluth, Georgia.[1] On December 28, 2012, the Plaintiff sustained loss to its property originating from a toilet on the second floor of its education building.[2] There was a clog in the trap of the toilet.[3] Additionally, the fill valve within the toilet broke.  This allowed water to flow continuously into the bowl of the toilet which overflowed.[4] After the damage was discovered the next day, a plumber, Marco Taveras, ran an auger to remove any obstruction from the bowl of the toilet.[5] The auger does not go beyond the bowl of the toilet.[6] After the obstruction was removed and the water went down in the bowl, Mr. Taveras changed the fill valve and the flapper in the toilet.[7] Mr. Taveras testified that water did not reverse flow from the toilet, but came from the tank into the bowl and

---

[1]     Pl.'s Statement of Facts ¶¶ 1-2.

[2]     Id. ¶¶ 3-4.

[3]     Taveras Dep. at 16.

[4]     Id. at 15.

[5]     Id.

[6]     Id. at 16.

[7]     Id. at 15.

then back out of the bowl because the clog stopped the water from continuing its normal flow.[8]

The insurance policy at issue here excludes from coverage damage caused by "[w]ater that backs up or overflows from a sewer, drain or sump" if "Back-Up of Sewers and Drains" is listed as excluded in the declarations section.[9] The declarations section of the policy does not exclude coverage for back-ups of sewers and drains, but instead provides a $25,000 limit on coverage in those instances.[10] The Defendant determined that the coverage limitation applied in this case. The Plaintiff contests that determination, arguing that the limitation did not apply and that it is entitled to the full amount of its damages as well as damages for the insurer's bad faith failure to pay. Both parties move for summary judgment on the issue of whether the coverage limitation applies. The Defendant also moves for summary judgment on the Plaintiff's bad faith claim.

---

[8]     Id. at 17.

[9]     Pl.'s Statement of Facts ¶ 20.

[10]    Id. ¶ 18.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[11] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[12] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[13] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[14] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[15]

## III. Discussion

The parties both move for summary judgment on the issue of whether the policy limitation on back-ups from sewers or drains applies here. Both agree that the

---

[11]    FED. R. CIV. P. 56(a).

[12]    Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[13]    Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[14]    Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[15]    Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

resolution of this matter turns on a seemingly simple question: Is a toilet a drain? Although no Georgia court has addressed the issue specifically, the District of Maryland, construing a similar policy to the policy here, under rules of construction similar to Georgia's, found that "[t]he definition of a 'drain' is: a means (such as a pipe) by which usually liquid matter is drained . . . [and r]elying on this definition, common sense dictates that a toilet is not a drain."[16] That court also noted that Merriam Webster's Dictionary defines "toilet" as a "bathroom fixture consisting of a bowl, usually with a detachable, hinged seat and lid, and a device for flushing with water, used for defecation and urination."[17] The Court finds the reasoning in Drutz persuasive and decides that a toilet is not a drain. That does not mean, however, that the Plaintiff's claim necessarily succeeds – the clog at issue must have been in the toilet and not in the attached drain for that to be true.

The policy at issue here excludes from coverage "[w]ater that backs up or overflows from a sewer, drain or sump" if "Back-Up of Sewers and Drains" is listed as excluded in the declarations section.[18] The declarations section of the policy does not exclude coverage for back-ups of sewers and drains, but instead provides a

---

[16]    Drutz v. Scottsdale Ins. Co., No. WMN-10-3499, 2012 WL 665984, at *3 (D. Md. Feb. 28, 2012) (internal citations omitted).

[17]    Id.

[18]    Pl.'s Statement of Facts ¶ 20.

$25,000 limit on coverage in those instances.[19] Here, the clog was in the toilet, not in the drain.[20] The plumber specifically testified that he used an auger to remove the clog and that the auger does not go past the bowl of the toilet.[21] Because the clog was not in the drain, but instead in the toilet, no water backed up or overflowed from a drain. The coverage limitation of the policy therefore does not apply. Accordingly, the Plaintiff's motion for partial summary judgment should be granted, and the Defendant's motion for summary judgment on the issue of the policy interpretation should be denied. The amount of damages due to the Plaintiff is still in dispute and remains to be tried.

The Defendant moves for summary judgment on the Plaintiff's claim for bad faith failure to pay. The Georgia Court of Appeals has held that where a specific issue is one of first impression in Georgia courts, the insurer has a right to litigate the legal question and is therefore not subject to a bad faith claim.[22] Because the issue of whether a toilet is a drain has not been specifically addressed, the Defendant had a

---

[19]     Id. ¶ 18.

[20]     Taveras Dep. at 15-16.

[21]     Id.

[22]     Aetna Fire Underwriters Ins. Co. v. Crawley, 132 Ga. App. 181, 183 (1974).

right to litigate without being subject to a claim for bad faith. The Defendant's motion for summary judgment on the bad faith claim should therefore be granted.

The Plaintiff also makes two motions to strike or disregard evidence. The first is a motion to strike or disregard portions of the errata to Justin Girard's deposition. The errata at issue related to the Plaintiff's motion to compel, on which this Court has already ruled. The first motion to strike is therefore denied as moot. The second motion to strike or disregard relates to Exhibit 1 to the Defendant's response to the Plaintiff's statement of facts. Exhibit 1 deals with the question of ownership of the property at issue. Because the Defendant does not dispute that the Plaintiff has an insurable interest in the property at issue and because this Court finds no need to consider the exhibit at issue in ruling on the motions for summary judgment, the second motion to strike should also be denied as moot.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 29] is GRANTED in part and DENIED in part. The Plaintiff's Motion for Partial Summary Judgment [Doc. 31] is GRANTED. The Plaintiff's Motion to Strike or Disregard Portions of Justin Girard's Errata [Doc. 35] is DENIED as moot. The Plaintiff's Motion to Strike Exhibit 1 to the Defendant's Response to the Plaintiff's Statement of Material Facts [Doc. 42] is DENIED as moot.

SO ORDERED, this 25 day of August, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge